FILED BY ___ D.C.

05 OCT 18 AM 10: 37

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TAMMY GOLDEN-KERR,

    Plaintiff,

vs.

    No. 05-2719-Ml/V

FLEXTRONICS LOGISTICS
et al.,

    Defendants.

---

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE SERVICE OF PROCESS

---

The plaintiff has filed a pro se complaint under Title VII and 42 U.S.C. § 1983 with an application to proceed in forma pauperis under 28 U.S.C. § 1915(a). The motion for leave to proceed in forma pauperis is GRANTED.

Plaintiff sues her former employer Flextronics Logistics and Supervisors Reginald Steward and Keith Barger alleging violations of Title VII and her civil rights under 42 U.S.C. §§ 1983, 1985, and 2000e-5.

To the extent that plaintiff brings Title VII claims against Defendants Steward and Barger, she has no claim. There is no remedy under the employment discrimination statutes against managing or supervisory employees in their individual capacity. Wathen v. General Electric Co., 115 F.3d 400, 405-06 (6th Cir.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-18-05

③

1997). Accordingly, plaintiff has no claims against Steward or Barger under the employment discrimination statutes.

Accordingly, the Title VII claims against the individual defendants Steward and Barger lack an arguable basis either in law or in fact and those claims are therefore, DISMISSED as frivolous. See <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Defendants Steward and Barger are not to be dismissed from this case, as yet, because Plaintiff also alleges that those defendants, as employees of Defendant Flextronics Logistics, violated her civil rights under 42 U.S.C. §§ 1983 and 1985.

Accordingly, it is ORDERED that the Clerk shall issue process for Flextronics Logistics, Steward, and Barger and deliver said process to the marshal for service. Service shall be made on the defendants either by mail pursuant to Rule 4(e)(1) and (h) and Tenn. R. Civ. P. 4.03 and 4.04 or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendants, or on the defendants if they have no attorney. The plaintiff shall make a certificate of service on every document filed.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements,

or any other order of the Court, may result in this case being dismissed without further notice.

So ORDERED this \_\_17\_\_ day of October, 2005.

```
                                    /s/ Jon P. McCalla
                                    JON PHIPPS MCCALLA
                                    UNITED STATES DISTRICT JUDGE
```

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02719 was distributed by fax, mail, or direct printing on October 18, 2005 to the parties listed.

---

Tammy Golden-Kerr
7033 Daneman Drive
Memphis, TN 38133

Honorable Jon McCalla
US DISTRICT COURT